| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11096-SVW-KS | Date | June 30, 2021 |
| Title | *Holly Cordan v. Costco Wholesale Corporation et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING [44] MOTION TO STRIKE AND GRANTING [45] MOTION TO AMEND AND REMAND.

Before the Court is (1) Plaintiff's motion to amend the complaint and remand this action to Ventura Superior Court, and (2) Defendant's motion to strike Plaintiff's amended complaint. Dkts. 44, 45. For the below reasons, Plaintiff's motion is GRANTED, and Defendant's motion is DENIED.

When deciding whether to permit joinder under § 1447(e), a court considers five factors:

(1) whether the party sought to be joined is needed for adjudication and would be joined under Federal Rule of Civil Procedure 19(a);

(2) whether the statute of limitations would prevent the filing of a new action against the new defendant if the court denies joinder;

(3) whether the attempt to join was timely;

(4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and

(5) whether the claim against the new party seems valid.

*Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).

_____ : _____

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11096-SVW-KS | Date | June 30, 2021 |
|---|---|---|---|
| Title | *Holly Cordan v. Costco Wholesale Corporation et al* | | |

Here, all five factors weigh in favor of granting leave to amend. First, Gaytan is needed for adjudication under Fed. R. Civ. Pro. 19(a). "[A]mendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000). "This standard is met when failure to join will lead to separate and redundant actions," and it is not met when "defendants are only tangentially related to the cause of action." *Id.*

Here, Gaytan is not tangentially related to this action. He was the store manager at Costco on the day of the alleged incident. And, contrary to Defendant's argument, it makes no difference that Costco would be vicariously liable for Gaytan's alleged negligence. Plaintiff is entitled to pursue claims against Gaytan individually, and "[t]he fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [Gaytan] supports Plaintiff's argument that [Gaytan] is a necessary party to this action." *Franco v. Costco Wholesale Corp.*, 2018 WL 6333674, at *2 (C.D. Cal. Oct. 30, 2018).

Second, the statute of limitations would likely prevent the filing of a new claim against Gaytan in state court. Accordingly, this factor weighs in Plaintiff's favor.

Third, the proposed joinder is not untimely. Plaintiff did not learn of Gaytan's identity until April 26, 2021, *see* Dkt. 49, and Defendants did not agree to accept service on Gaytan's behalf until over one month later. The jury trial is still nearly three months away. *See* Dkt. 41. Accordingly, the proposed joinder is not untimely.

The fourth factor also weighs in Plaintiff's favor. Defendant argues that Plaintiff's motive behind the proposed joinder is to destroy diversity. *See* Dkt. 44. However, even if the Court were to assume that defeating diversity jurisdiction were Plaintiff's primary motive, Defendant has not shown it was Plaintiff's *only* motive. *See Clinco*, 41 F. Supp. 2d at 1082 (noting courts should consider whether joinder is "solely" to defeat jurisdiction).

Moreover, the question of motive has become "intertwined" with the question of whether the Plaintiff has a seemingly valid claim against the nondiverse putative defendant. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014)). Some courts have gone so far as to de-

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11096-SVW-KS | Date | June 30, 2021 |
|---|---|---|---|
| Title | *Holly Cordan v. Costco Wholesale Corporation et al* | | |

emphasize this factor altogether in cases where plaintiffs have a legitimate case for joinder. *See, e.g., Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989) (reading the legislative history of 28 U.S.C. § 1447(e) to obviate the motive analysis altogether).

Here—and with regards to the fourth and fifth factors—Plaintiff has a seemingly valid claim against Gaytan. Specifically, Plaintiff has raised a plausible inference that Gaytan (1) had a duty to ensure the premises were safe, (2) breached that duty, and (3) that breach caused Plaintiff's damages. Accordingly, the fourth and fifth factors weigh in Plaintiff's favor.

For the foregoing reasons, Plaintiff's motion is GRANTED. Plaintiff's amended complaint is now the operative complaint in this case. The case is REMANDED to Ventura Superior Court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

PMC